**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN F. SMITH,

      Plaintiff-Appellant,

v.

ROBERT MCCORD; JEREMY
STOREY, police officers employed by
the City of Las Cruces Police
Department, in their individual
capacities,

      Defendants-Appellees.

No. 12-2041
(D.C. No. 2:10-CV-01030-JCH-LAM)

---

Before **TYMKOVICH, GORSUCH,** and **HOLMES**, Circuit Judges.

---

The court has *sua sponte* decided to publish the Order and Judgment previously entered in this case, Smith v. McCord, No. 12-2041, 2013 WL 323218 (10th Cir. Jan. 29, 2013). The court has modified its decision to accommodate the stylistic changes necessary for published, as opposed to unpublished decisions. The original decision otherwise remains substantively unchanged.

The Order and Judgment entered on January 29, 2013 is withdrawn, and the clerk is directed to issue the attached opinion as a substitute for the withdrawn Order and Judgment. The modified opinion does not trigger a new period for

filing a petition for rehearing.

Entered for the Court

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

January 29, 2013

Elisabeth A. Shumaker
Clerk of Court

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHN F. SMITH,

       Plaintiff-Appellant,

v.

ROBERT MCCORD; JEREMY
STOREY, police officers employed by
the City of Las Cruces Police
Department, in their individual
capacities,

       Defendants-Appellees.

No. 12-2041

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:10-CV-01030-JCH-LAM)**

**Submitted on the briefs:**[*]

Santiago E. Juárez of Law Office of Santiago E. Juárez, Albuquerque, New
Mexico, for Plaintiff-Appellant.

William R. Babington, Jr., Deputy City Attorney, City of Las Cruces, New
Mexico, for Defendants-Appellees.

_____

    [*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is, therefore, submitted without oral argument.

Before **TYMKOVICH, GORSUCH,** and **HOLMES**, Circuit Judges.

_____

**GORSUCH**, Circuit Judge.

_____

This case presents us with an unfortunate tale of poor lawyering. A 75 year-old man, John Smith, was in his home when he heard noises coming from his front yard. Mr. Smith opened his front door and was surprised to see an array of police officers, EMTs, police cars, and fire trucks splayed in front of his house. A suicidal man with knives was on the sidewalk and authorities were attempting to take control of the situation. Curious about the commotion and unaware of its cause, Mr. Smith approached an officer and asked if something was wrong. The officer didn't answer but instead commanded Mr. Smith to get back inside. Understandably perplexed Mr. Smith mumbled, "Well that just beats me, a man is not able to find out what happens in his front yard."

At that point Mr. Smith alleges the officer leapt into action, telling him he was going to arrest him and ordering him to place his hands on top of the car parked in his driveway. Mr. Smith initially complied but jerked his hands away because, he says, the car was too hot from sitting in the sun. An officer then kicked Mr. Smith's legs out from under him and he fell to the ground. There, two officers allegedly placed their knees on Mr. Smith's back and legs before

thrusting him into the police car for a trip to the station. Eventually, Mr. Smith was taken to a medical center where he received treatment for a sprain to both wrists, contusions on his knees and elbows, and a lumbar strain.

After the episode Mr. Smith sued the officers under 42 U.S.C. § 1983 for using excessive force in the arrest. But when the officers moved for summary judgment claiming qualified immunity, Mr. Smith's attorney did not respond. To be sure, he argued as one does in an ordinary summary judgment proceeding that a material dispute of fact existed. But once an officer asserts qualified immunity, the plaintiff bears the "heavy two-part burden" of showing both that (1) "the defendant violated . . . [a] constitutional . . . right[]," and (2) the "infringed right at issue was clearly established at the time of the allegedly unlawful activity such that a reasonable law enforcement officer would have known that his or her challenged conduct was illegal." *Martinez v. Carr*, 479 F.3d 1292, 1294-95 (10th Cir. 2007). These are burdens Mr. Smith's attorney didn't even try to meet. His response brief failed even to include the terms "qualified immunity" or "clearly established." Inexorably, this led the district court to grant judgment for the defendants, a disposition this court can hardly now fault as a matter of law.

This isn't to say Mr. Smith lacked (or possessed) a meritorious case. It is to say only we will never know because clients like Mr. Smith are usually bound by their lawyers' actions — or, as here, inactions. Sometimes that means good cases are lost by bad lawyers, a lamentable cost of our legal system. Other

remedies seek, if often all too imperfectly, to address this problem, including administrative sanctions (Mr. Smith's trial lawyer was suspended from practice, *In re Dennis W. Montoya*, 266 P.3d 11, 23-25 (N.M. 2011)) and malpractice claims.  But none of this allows us to find fault with the district court's unassailable conclusion that Mr. Smith, through his counsel, failed to carry the burden assigned him by law.

The judgment of the district court is affirmed.