FILED
United States Court of Appeals
Tenth Circuit

April 30, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DELPHI Q. ALVARADO,

      Plaintiff - Appellant,

v.

STATE OF UTAH; DEPARTMENT OF
CORRECTIONS; JOHN DOES I-V,

      Defendants - Appellees.

No. 14-4099
(D.C. No. 2:11-CV-00714-RJS)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Delphi Q. Alvarado, proceeding pro se, appeals from the district court's

judgment in favor of defendants in her suit arising from the termination of her

employment with the Utah Department of Corrections (the Department). Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Alvarado began working for the Department in 1994. In 2008, she was assigned to the Presentence Investigation Unit, where she had to type numerous presentence reports each week. Because of certain impairments, she was unable to keep up with her workload. Feeling overwhelmed, she misrepresented to the court, counsel, and her supervisors why some of her reports were not completed on time. The Department then ended her employment.

Ms. Alvarado first unsuccessfully pursued administrative remedies. Then, represented by counsel, she presented three claims to the district court: one under the Americans with Disabilities Act (ADA), one under the Rehabilitation Act of 1973, and one for wrongful termination under state law. The district court dismissed the ADA claim and the state-law claim, based on Ms. Alvarado's concession in response to defendants' motion to dismiss. The court later granted summary judgment to defendants on the Rehabilitation Act claim. Ms. Alvarado appealed.

Because Ms. Alvarado represents herself on appeal, we liberally construe her filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But "although we make some allowances for the pro se plaintiff's failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (brackets, citation, and internal quotation marks omitted). Arguments

not presented in an opening brief are waived. *City of Colo. Springs v. Solis*, 589 F.3d 1121, 1135 n.5 (10th Cir. 2009).

The bulk of Ms. Alvarado's opening brief argues she was denied due process during her administrative proceedings, in that (1) her administrative appeal was conditioned on purchasing a transcript, which she could not afford; and (2) she was denied a fair and impartial pre-termination hearing because the person who conducted the hearing was biased against her. She also appears to assert she was subjected to a hostile work environment and the termination of her employment was in retaliation for being a whistleblower. She complains that the attorney who represented her in the district court did not present all the claims she wanted the court to consider and states that she was not allowed to address the court.

As summarized above, Ms. Alvarado's district-court complaint set forth claims under the ADA, the Rehabilitation Act, and state law. It did not include a due process claim or a hostile work environment claim. "We do not review claims on appeal that were not presented below." *Pignanelli v. Pueblo Sch. Dist. No. 60*, 540 F.3d 1213, 1217 (10th Cir. 2008). Because those claims were not raised in the district court, the "court did not have an opportunity to address [them] and we will not consider [them] for the first time on appeal." *Id.* at 1218. Further, although her state-law claim had a whistleblower element, Ms. Alvarado conceded that the claim should be dismissed.

- 3 -

We recognize that Ms. Alvarado may have disagreed with how her attorney conducted her case and may have wanted to pursue other claims, but that does not mean she can now assert claims that were not included in her complaint or that were conceded before the district court. Parties generally are bound by their attorneys' actions (or inactions). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962); *Smith v. McCord*, 707 F.3d 1161, 1162 (10th Cir. 2013).

Ms. Alvarado's opening brief does challenge the district court's evaluation of the evidence in connection with her Rehabilitation Act claim. Our review of the grant of summary judgment is de novo. *See Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir. 2008). Having reviewed the record, we, like the district court, conclude that Ms. Alvarado failed to present sufficient evidence to create a genuine issue of material fact as to crucial aspects of her Rehabilitation Act claim. Because the district court did not err in granting summary judgment on this claim, we affirm for substantially the reasons set forth at the July 22, 2014, hearing.

The judgment of the district court is affirmed.

Entered for the Court

John C. Porfilio
Circuit Judge