FILED
United States Court of Appeals
Tenth Circuit

June 7, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THOMAS G. NAUMAN,

     Plaintiff - Appellant,

v.

UTAH HIGHWAY PATROL and
NEIL EKBERG,

     Defendants - Appellees.

No. 17-4016
(D.C. No. 2:14-CV-00560-CW-DBP)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **BACHARACH**, Circuit
Judges.

Thomas Nauman brought suit under 42 U.S.C. § 1983 against Officer Neil

Ekberg and the Utah Highway Patrol for a shoulder injury that occurred during

his traffic arrest and subsequent detention. The district court granted summary

judgment in favor of Officer Ekberg based on qualified immunity, and Mr.

Nauman appeals that decision. We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The relevant facts are as follows. One evening in 2010, Officer Ekberg saw Mr. Nauman commit several traffic violations. After observing other signs of impairment, Officer Ekberg arrested Mr. Nauman on suspicion of driving under the influence. Mr. Nauman asked Officer Ekberg not to handcuff him behind his back due to a preexisting shoulder injury. The officer complied and handcuffed Mr. Nauman in front of his waist instead. Later, at the jail, Officer Ekberg allegedly injured Mr. Nauman's shoulder by pulling his arm backward, possibly in order to apply handcuffs. Mr. Nauman then said "Let go of my arm, it doesn't go that way" and felt his shoulder "pop[]." R. 319. At that point, Mr. Nauman testified, the officer "immediately let go of [his] arm." *Id.* Officer Ekberg then led Mr. Nauman by the arm into another room without attempting to apply the handcuffs again. On these facts, the district court found Officer Ekberg is entitled to qualified immunity.

Qualified immunity shields from liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Where, as here, a defendant asserts qualified immunity at summary judgment, the plaintiff must demonstrate (1) "that on the facts alleged the defendant violated his or her constitutional or statutory rights" and (2) "that the right was clearly established at the time of the alleged unlawful activity." *Fisher v. City of Las Cruces*, 584 F.3d 888, 893 (10th Cir. 2009).

Mr. Nauman has not made a sufficient showing on either prong. In his opposition to the defendants' summary judgment motion and in his briefs in this court, Mr. Nauman never cites any authority to show a violation of a clearly established right. Because he has failed to advance legal arguments on qualified immunity, the district court correctly granted summary judgment against him. *See, e.g.*, *Rojas v. Anderson*, 727 F.3d 1000, 1005–06 (10th Cir. 2013); *Smith v. McCord*, 707 F.3d 1161 (10th Cir. 2013). Indeed, this court has affirmed similar summary judgment rulings even when "the record suggests a case might well have been made that Defendants were not entitled to qualified immunity." *Rojas*, 727 F.3d at 1005. And here the district court surveyed the case law and found no authority that would have sustained Mr. Nauman's claim.

Although we sympathize with Mr. Nauman and his family for the pain and hardship this incident has brought, nonetheless, our duty is to apply the law, and we hold that the district court correctly granted summary judgment to Officer Ekberg.

AFFIRMED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge